UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                PLAINTIFF

v.                                  CRIMINAL NO. 1:25-CR-00015-GNS

JOSEPH N. ROUSH                                DEFENDANT

### AMENDED SENTENCING MEMORANDUM
*-Filed Electronically-*

The United States of America, by counsel, files this memorandum in support of sentencing in this action currently scheduled for January 20, 2026. The United States has no objections to the final presentence report and will not call any witnesses at the sentencing hearing.

### PROCEDURAL HISTORY

Joseph Roush ("defendant") was charged by federal complaint on February 24, 2025, with child exploitation offenses. On March 12, 2025, the Grand Jury returned an indictment, charging the defendant with:

Count 1 – Distribution of Child Pornography

Count 2 – Possession of Child Pornography

Count 3 – Sexual Exploitation of Child Pornography (Production).

The defendant was initially arrested on state related charges on February 13, 2025. Those charges were later dismissed on February 25, 2025, and the defendant came immediately into federal custody. He was ordered detained and so remains, pending sentencing in this matter.

On October 22, 2025, the defendant pled guilty to all counts charged in the Indictment without the benefit of a plea agreement.

## OFFENSE CONDUCT

The United States agrees with the offense conduct, as laid out in the U.S. Probation Office's final Presentence Investigation Report (PSR), at paragraphs 9-23. *See* PSR [DN 33, ¶9-23]. This case involved the possession and distribution of thousands of images and videos of child sexual abuse material.

## GUIDELINES CALCULATION

The United States agrees with the guidelines calculation and criminal history computation contained within the PSR. Accordingly, the United States agrees with a base offense level of 43 and a criminal history category of I which produces a guideline imprisonment range of life. *See* PSR [DN 33, ¶92]. However, the statutorily authorized maximum sentence is less than the guideline range. As such, the defendant's suggested guideline sentence is 840 months. *Id.*

## VICTIM IMPACT AND RESTITUTION

Pursuant to 18 U.S.C. § 2259, the defendant must pay restitution, if requested prior to sentencing, of at least $3,000.00 to each victim. In this case, the United States has received victim impact statements from 22 identifiable victims and restitution requests from 23 identifiable victims. One of the 23 identifiable victims is a special needs child who was entrusted to the care of the defendant. The United States has been in contact with the victim's family and, while they did not elect to submit an impact statement, requested $3,000 in restitution and their desire for a significant prison sentence.

The defendant has agreed to pay restitution to each of the identified victims and the parties will tender a proposed agreed order of restitution at the time of sentencing.

The United States will file restitution payment information under seal so that the Clerk may direct payment to the appropriate victims and/or representatives.

## **SENTENCING FACTORS**

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

(5) any pertinent policy statement--

. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)  the need to provide restitution to any victims of the offense.

  Roush, a self-described 'pedophile' was found to be in possession of thousands of images of images involving the sexual exploitation of children. Investigators located 103,781 images and videos on his Samsung S7 and 167,539 images and videos on his Samsung S23. While not all the images and videos contain child sexual abuse material, forensic examiners estimate that approximately 20,000 images/videos meet the statutory definitions for child pornography, with Roush himself estimating he amassed tens of thousands of images and videos of child pornography in his collection. Due to the overwhelming number of images and videos, only 2,005 images and 258 videos were initially submitted to the National Center for Missing and Exploited Children (NCMEC). Of the images and videos initially submitted to NCMEC, 575 images and 71 videos depicted known child victims that NCMEC had seen before.

  The images and videos Roush possessed and distributed are grotesque – many of them depicting the rape, sodomy, and torture of helpless infants. Roush's conduct did not stop at viewing and distributing child sexual abuse material. Roush admitted to participating in 'online sex parties' where he would pay people overseas to sexually exploit and manipulate children over a live video stream. Roush believed the parties to be in Thailand or the Philippines. Roush admitted to paying extra for the adults to manipulate the children to his liking – while directing the live streaming sexual abuse of the children. Roush's conduct grew to be even more egregious and dangerous when he sexually exploited a special needs child entrusted to his care. The details of that instance are outlined in the PSR.

  When confronted by law enforcement, Roush attempted to destroy his cell phone by putting it in the toilet. In a post-Miranda interview, Roush admitted to collecting child

sexual abuse material for years and to saving the images and videos that he preferred in a file on the phone he attempted to destroy. Within the year prior to his arrest, he admitted to distributing well over 1,000 images and videos depicting the sexual exploitation of children.

As the Court is aware and the guidelines suggest, the harm caused by the possession, distribution, and production of child pornography cannot be understated. The harm caused in this case is especially egregious given the age of the victims involved and the violent nature of the abuse that his collection of images and videos depict. Roush is a hands-on offender who cannot control his sexual interest in children – possession of images turned to distribution; distribution turned to participating in the live streaming of child sexual abuse; and the live streaming turned into the hands-on sexual exploitation of a child in his care.

This investigation took a toll on all who were tasked with going through the evidence and reviewing the horrific depictions therein. The images and videos Roush possessed and distributed are truly vile. As evidenced by the offense conduct in this case, Roush is not the average offender nor is his conduct deserving of an average sentence. Roush's specific preferences when it comes to this material create a level of danger that cannot be mitigated and require the 840-month prison term called for by the guidelines. Such a sentence would protect the public from future crimes of the defendant, deter others from committing similar crimes, provide the Roush with needed therapy, and promote respect for the law.

## CONCLUSION

The United States respectfully requests that the court sentence the defendant to the maximum possible sentence of 840 months - effectively life in prison. Such a sentence would accomplish the sentencing purposes of 3553(a). Should the Court also

agree, the United States respectfully requests that the Court impose such a sentence, which is sufficient, but not more than necessary to satisfy the above factors.

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky  42001
270-816-3354
leigh.ann.dycus@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record.

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
